No. 62,261

STATE OF KANSAS, *Appellee*, v. DAN A. SAFT, *Appellant*.

(769 P.2d 675)

Opinion filed March 3, 1989.

*Martha J. Coffman,* assistant appellate defender, argued the cause and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Debra L. Barnett,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: Dan Saft appeals the district court's holding that it lacked jurisdiction to modify his previously modified sentence.

Saft pled guilty to kidnapping, K.S.A. 21-3420, reduced from aggravated kidnapping, K.S.A. 21-3421; rape, K.S.A. 21-3502; and aggravated criminal sodomy, K.S.A. 21-3506. He was committed to Larned State Hospital for evaluation prior to sentencing. The presentence investigator recommended Saft be sentenced to 15 years to life on each charge, the sentences to run concurrently, and that probation be denied.

On April 22, 1985, the district court followed the investigator's recommendation and sentenced Saft to a controlling term of 15 years to life imprisonment. On July 10, 1985, Saft filed a timely motion to modify his sentence under K.S.A. 21-4603(3). On June 18, 1986, the court acted upon the motion by modifying Saft's sentence to 10 to 20 years on each charge, each sentence to run concurrently. The court had the power to grant probation, K.S.A. 21-4603(2)(c), or it could have reduced the minimum term to five years because the reduced charges were all class B felonies. K.S.A. 21-4501(b). In the exercise of its discretion, the district

court chose to neither grant probation nor further reduce the sentence.

On October 2, 1986, Saft filed a second motion to modify his sentence. After hearing, the court held it had no jurisdiction to entertain Saft's motion on the merits because it was filed outside the 120-day period allowed under K.S.A. 21-4603(3). Saft appeals.

The sole issue before us is whether a district court has jurisdiction to modify a sentence pursuant to a motion filed within 120 days from a modification of sentence, but outside the 120 days from the imposition of the original sentence.

The sentencing of a defendant is strictly controlled by statute in Kansas. *State v. Osbey*, 238 Kan. 280, 288, 710 P.2d 676 (1985). The court's authority to modify a sentence is found at K.S.A. 21-4603(3), which provides:

"Any time within 120 days after a sentence is imposed or within 120 days after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or the court of appeals."

Saft contends the legislature's use of the term "within 120 days after *a* sentence is imposed" means that a defendant has 120 days after each modification to file for another modification. This procedure could presumably go on indefinitely so long as sentence modifications were granted.

The sentence modification statute has never been interpreted in this way. We have assumed district courts do not have jurisdiction to modify a sentence pursuant to a motion filed after 120 days from the original imposition of sentence, barring those exceptions stated in K.S.A. 21-4603(3). See *State ex rel. Owens v. Hodge*, 230 Kan. 804, 811, 641 P.2d 399 (1982); *State v. Henning*, 3 Kan. App. 2d 607, 599 P.2d 318 (1979).

Saft argues the rule of liberal construction of sentencing statutes provided by K.S.A. 21-4601 favors his interpretation of the statute. The construction statute, however, only provides that the sentencing statutes shall be liberally construed "to the end that" defendants are dealt with in accordance with their individual characteristics. There is no evidence the statutes were not so

construed by the sentencing court when it reduced Saft's original sentence pursuant to the first motion. The same statute provides "that dangerous offenders shall be correctively treated in custody for long terms as needed." The presentence evaluations found Saft to be a dangerous offender.

We have held K.S.A. 21-4601 requires K.S.A. 21-4603(3) be construed to allow a defendant the opportunity to have his sentence modified when his motion is timely *filed.* In *State ex rel. Owens v. Hodge,* 230 Kan. 804, we held the trial court retained jurisdiction over an original motion to reduce sentence *filed* within 120 days from the original sentence but not *decided* until after the 120-day period.

This construction is consistent with that of the federal courts. K.S.A. 21-4603(3) is based upon Rule 35(b) of the Federal Rules of Criminal Procedure before its most recent revision effective November 11, 1987. Fed. R. Crim. Proc. 35(b). Federal courts agreed that the time limits of former Rule 35(b) were jurisdictional. "[I]f the motion is untimely under the rule and the sentence is a lawful one, the court is powerless to act." 3 Wright, Federal Practice and Procedure: Crim. § 587 (1982). Wright states that a defendant does not gain an additional 120 days when the sentence is reduced on a timely motion.

In *United States v. Rannazzisi,* 443 F. Supp. 916 (S.D. N.Y. 1978), the defendant pled guilty and was sentenced to 18 months in prison. This sentence was reduced within the 120-day period to one year. The defendant then filed a second motion for sentence modification outside the original 120-day period, arguing the same construction of the statute as Saft proposes. The court held it was without jurisdiction to consider the defendant's motion as the date of the original sentence imposed controlled the timeliness of the motion. The rule was intended to establish "clear lines of demarcation so that all concerned would know exactly when the time for filing would expire." *United States v. Mehrtens,* 494 F.2d 1172, 1175 (5th Cir.), *cert. denied* 419 U.S. 900 (1974). The 120-day time limit protects the courts from repeated motions by sentenced defendants and insures the responsibilities of the parole board are not usurped by courts retaining jurisdiction indefinitely. *United States v. Smith,* 650 F.2d 206 (9th Cir. 1981).

Were we to ignore the case law and accept Saft's construction

of the statute, the time limits for appeal would be affected as well. Pursuant to K.S.A. 22-3608, a defendant may appeal from judgment "not later than 10 days after the expiration of the district court's power to modify the sentence." The statute specifies the court's power to revoke or modify conditions of probation or assignment to community programs "shall not be deemed power to modify the sentence." It is thus apparent the legislature intended to generally limit a defendant's time for appeal to 130 days from the original imposition of sentence. *State v. Dedman,* 230 Kan. 793, 796, 640 P.2d 1266 (1982). To hold a defendant has an additional 120 days after each modification of sentence would also extend appeal time accordingly.

In *State v. Myers,* 10 Kan. App. 2d 266, 697 P.2d 879 (1985), the Court of Appeals held the 10-day period to file a notice of appeal runs from the filing of the journal entry deciding a motion for sentence modification. In *Myers,* the defendant filed a motion to modify his sentence, which was denied. One hundred and twelve days after sentencing, he filed a second motion to modify, which was orally denied 126 days after sentencing and memorialized by journal entry 141 days after sentencing. The defendant filed his notice of appeal 147 days after sentencing. The Court of Appeals held the defendant's appeal was timely pursuant to *State ex rel. Owens v. Hodge,* 230 Kan. 804, in that the district court retained power to modify the sentence within a reasonable time when the modification motion was timely filed within the 120 days from the original sentencing. In both *Myers* and *Hodge,* the appellate courts recognized the defendant must *file* within the 120 days running from the original imposition of sentence.

In *State v. Timmerman,* 236 Kan. 414, 691 P.2d 33 (1984), we held the time for filing a motion to modify a sentence is not extended by the filing of a collateral proceeding pursuant to K.S.A. 60-1507. Were it otherwise, a district court would never lose jurisdiction to modify a sentence because a prisoner in custody could file a K.S.A. 60-1507 motion at any time and revest in the sentencing court the jurisdiction to modify the sentence. It is essential that some degree of finality be achieved in the criminal appeal process to prevent endless piecemeal litigation. *Hacker v. State,* 207 Kan. 195, 197, 483 P.2d 484 (1971).

The legislature, by specifying those instances in which a defendant may move for sentence modification outside the orig-

inal 120 days, has indicated these to be limited exceptions. Had the legislature intended for other exceptions, it could easily have granted the court authority to modify "within 120 days after a sentence is imposed or *modified*."

The specified exceptions are provided by the legislature because defendants who are granted probation or assignment to a community correctional services program generally do not file motions to modify their sentences. Where such favorable conditions are revoked, the legislature then gives the defendants the opportunity to move for a sentence more lenient than "that originally adjudged within statutory limits." Similarly, a defendant who has lost his appeal is given an opportunity to move for at least a more lenient sentence.

In contrast, there is generally no reason to modify a sentence which has already been modified within the 120 days from the original sentencing. The defendant's arguments for modification have already been heard and decided. In the instant case, Saft argued at his second hearing that probation was necessary because he was not receiving appropriate medical treatment in prison. This is not a matter to be resolved by sentencing proceedings. K.S.A. 60-1501 *et seq.* provide the procedures by which a defendant may attack the conditions of imprisonment. See *State ex rel. Stephan v. Clark,* 243 Kan. 561, 568, 759 P.2d 119 (1988).

We hold the district court did not have jurisdiction over Saft's second motion to modify his sentence. The judgment is affirmed.