(843 P.2d 297)

No. 67,855

STATE OF KANSAS, *Appellee*, v. RONALD SMITH, *Appellant*.

Opinion filed December 18, 1992.

*Jean K. Gilles*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Chris Biggs*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., RON ROGG, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

VICKERS, J.: Defendant Ronald Smith appeals the trial court's dismissal of his motion to modify sentence for lack of jurisdiction. This is the second time his appeal is before us. Smith pled no contest to rape, K.S.A. 21-3502; aggravated criminal sodomy, K.S.A. 21-3506; and aggravated burglary, K.S.A. 1991 Supp. 21-3716. Smith was sentenced to a controlling term of 20 to 40 years' imprisonment. Smith filed a motion to modify his sentence, which was denied. Smith appealed the trial court's denial of his motion to this court. We affirmed his sentence in *State v. Smith*, No. 65,813, unpublished opinion filed June 14, 1991. Smith filed a post-appeal motion to modify his sentence. This is an appeal taken from the trial court's dismissal of that motion. We affirm.

The issue before us is whether the defendant is authorized to file a motion to modify sentence twice, once before and once after appeal, seeking modification of the same sentence. K.S.A. 1991 Supp. 21-4603(4) states:

"(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification.

"(b) If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

Smith argues on appeal that K.S.A. 1991 Supp. 21-4603(4)(b) governs this appeal, entitling him to file a post-appeal motion to modify. Smith argues that the above two subsections (a) and (b) are not necessarily mutually exclusive; therefore, the defendant should be able to file a motion to modify after his appeal whether or not he had filed a motion before the appeal. We disagree.

The purpose of the above statute was explained in *State v. Saft*, 244 Kan. 517, 519, 769 P.2d 675 (1989) (citing *United States v. Smith*, 650 F.2d 206 [9th Cir. 1981]): "The 120-day time limit protects the courts from repeated motions by sentenced defendants and insures the responsibilities of the parole board are not usurped by courts retaining jurisdiction indefinitely."

When Smith appealed the trial court's denial of his motion to modify, we affirmed his sentence. If Smith is allowed to file another motion to modify his sentence now, and if the trial court denies the motion, he will be able to appeal that decision and we will be faced with the same question again. If we affirm that decision, will Smith then be able to file another motion to modify within 120 days after that mandate comes back? That would be the absurd result of misinterpreting the otherwise plain language of the statute.

An amendment to 21-4603 in 1989 (L. 1989, ch. 92 § 2) divided the provision into subsections (a) and (b) and added the language, "Except when an appeal is taken and determined adversely to the defendant as provided in subsection (b) . . . ." It seems

logical to assume that the legislature intended that the defendant may seek modification of sentence only once, either before or after appeal, but not twice.

We hold that the district court did not have jurisdiction over Smith's second motion to modify his sentence.

The judgment is affirmed.