(873 P.2d 188)
No. 69,927

STATE OF KANSAS, *Appellee*, v. JOHNNIE L. HERVEY, *Appellant*.
Petition for review denied 255 Kan. 1005 (1994).

Opinion filed April 22, 1994.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LARSON and ROYSE, JJ.

BRISCOE, C.J.: Johnnie L. Hervey appeals from the denial of his post-appeal motion for sentence modification. The denial of his first motion to modify was reviewed on direct appeal, and

the sentence initially imposed was not modified or changed for any reason after the first appeal. Hervey does not contend his sentence is illegal or that reconsideration of his sentence was required under K.S.A. 1992 Supp. 21-4603 because of a recommendation made by the Topeka Correctional Facility.

This case presents the question of whether the decision in *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993), should be applied retroactively to bar Hervey's filing of a post-appeal motion to modify sentence and the appeal from the denial of that motion. After concluding this appeal falls within an exception permitting the filing of an untimely notice of appeal, we apply *Smith* retroactively, conclude the retroactive application of *Smith* does not bar the filing of the motion appealed, and affirm on the merits.

In September 1989, a jury found Hervey guilty of aggravated burglary (K.S.A. 1992 Supp. 21-3716, a class C felony) and aggravated robbery (K.S.A. 21-3427, a class B felony). In January 1990, he was sentenced to concurrent terms of imprisonment of 5 to 15 years and 5 to 20 years. On February 12, 1990, Hervey moved for modification of his sentence and filed a notice of appeal. In his motion for modification, he argued for leniency because the convictions were his first felony convictions.

This court addressed Hervey's first appeal in an unpublished opinion filed July 31, 1992 (No. 66,722). Although Hervey filed his notice of appeal before the district court ruled on his first motion to modify, he did include among the issues raised on appeal a contention that the court abused its discretion in denying his motion to modify by failing to consider the sentencing policies and factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606(2). This court affirmed his convictions and sentences, including the denial of his motion for modification. Our decision was filed in Wyandotte County District Court on November 23, 1992.

On November 30, 1992, Hervey filed another motion to modify sentence, which was denied on March 12, 1993. The sentence which he asked the court to modify was the same sentence which was initially imposed. On March 24, 1993, Hervey filed another notice of appeal. This notice of appeal stated Hervey was appealing from the district court's affirmance of the jury's verdict of guilty and the denial of his motion for new trial. After the Appellate Defender's Office was appointed to handle Hervey's

appeal, an amended notice of appeal was filed on May 28, 1993, to add the denial of his second motion to modify sentence to the decisions appealed. When Hervey's appellate brief was filed, it raised only one issue: Whether the district court abused its discretion in denying his second motion to modify by failing to consider the sentencing policies and factors set forth in 21-4601 and 21-4606(2).

On July 26, 1993, this court ordered the parties to show cause why this case should not be dismissed for lack of jurisdiction because (1) the March 24 notice of appeal was from rulings previously addressed by this court in Hervey's direct appeal, and (2) the May 28 amended notice of appeal adding the denial of the motion to modify was filed beyond the 130-day limitation of K.S.A. 22-3608(1) and K.S.A. 1992 Supp. 21-4603(4)(b). The parties were later ordered to address these questions in their briefs. A second show cause order was filed by this court on December 20, 1993, which ordered the parties to show cause why this appeal is not controlled by the Kansas Supreme Court's ruling in *Smith*, 254 Kan. 16.

I. Timeliness of appeal.

Assuming, arguendo, that Hervey could file a second motion to modify in this case, his initial notice of appeal was timely filed. Under *State v. Myers*, 10 Kan. App. 2d 266, 268, 697 P.2d 879 (1985), Hervey's notice of appeal filed March 24, 1993, was timely as it was filed within 130 days after the filing of the mandate. Although this court did not address the denial of a motion to modify filed after the issuance of a mandate in *Myers*, the same principles regarding the time frame for filing a notice of appeal after the denial of the motion to modify apply.

As regards the amended notice of appeal, which adds a judgment not previously identified in the initial timely notice of appeal, this record provides sufficient basis for our applying an exception set forth in *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982), to permit this untimely amended notice of appeal. In *Ortiz*, the Supreme Court set forth a limited exception to the general rule that the filing of a timely notice of appeal is jurisdictional. Where a defendant is not informed of his or her right to appeal, or is not furnished an attorney to exercise that

right, or is furnished an attorney for that purpose who fails to perfect and complete an appeal, an untimely appeal may be permitted. 230 Kan. at 736.

Although Hervey suggests remand to the district court to develop additional facts concerning appointed counsel's failure to file a timely appeal from the denial of the motion to modify, the present record provides a sufficient factual basis for concluding the attorney appointed for the purpose of perfecting a timely appeal from the denial of the motion to modify was ineffective in perfecting that appeal. The timely notice of appeal filed by appointed counsel identified only judgments which had been previously appealed by the same counsel in the direct appeal. When this fact is viewed along with appointed counsel's failure to perfect a timely appeal from the only ruling rendered by the district court following Hervey's direct appeal, the record is sufficient for this court to conclude without remand that the exception set forth in *Ortiz* to permit the untimely filing of the amended notice of appeal applies.

II. Interpretation and retroactive application of *Smith*.

In *Smith*, 254 Kan. 16, the defendant had appealed the denial of his first motion to modify and, then, after the district court's denial was affirmed and the mandate from that affirmance was filed with the district court, attempted to file another motion to modify. The district court dismissed the second motion for lack of jurisdiction, and this court affirmed the dismissal (*State v. Smith*, 17 Kan. App. 2d 746, 843 P.2d 297 [1992]). Our Supreme Court, in turn, affirmed our decision and that of the district court:

"The district court has no jurisdiction to hear a defendant's second motion to modify sentence where: (1) defendant filed one such motion within 120 days after imposition of sentence; (2) the trial court denied the motion; (3) defendant appealed from the denial of the motion; and (4) defendant filed a second motion to modify sentence within 120 days after receipt of the mandate affirming the trial court's denial of the first motion to modify." 254 Kan. 16, Syl.

In *Smith*, the interpretation and application of K.S.A. 1992 Supp. 21-4603(4) (now K.S.A. 1993 Supp. 21-4603[d]) was at issue. K.S.A. 1992 Supp. 21-4603(4) provides:

"(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after

a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu. of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification.

"(b) If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

In his response to our show cause order, Hervey argues the pre-1988 version of 21-4603, discussed and applied in *State v. Reed*, 253 Kan. 154, 158, 853 P.2d 50 (1993), should also apply to his case. He argues his case is similar to *Reed*, wherein the court found that, under the pre-1988 version of 21-4603, a district court has jurisdiction to hear a second motion to modify filed within 120 days of receipt by the district court clerk of the mandate from the appellate court.

As Hervey notes, in 1988 two versions of 21-4603 were in effect. The first, the pre-1988 version, was apparently effective up until July 1, 1988, when the second version, K.S.A. 21-4603a, went into effect. Of the two versions, arguably only 21-4603a would be applicable to Hervey's case because he was alleged to have committed the crimes in November 1988. See *State v. Sutherland*, 248 Kan. 96, 804 P.2d 970 (1991) (When reviewing the question of whether 21-4603[3] operates prospectively or retroactively, the court held the version of the statute in effect at the time the offense was committed is the applicable statute.). However, *Reed* could also be read as permitting application of K.S.A. 1989 Supp. 21-4603 to Hervey's case because Hervey was convicted and sentenced after July 1, 1989. See *Reed*, 253 Kan. at 158. In either event, the relevant subsections of both 21-4603a and 21-4603 are, for purposes of this case, sufficiently similar to the statute considered in *Smith*. Both versions contain the "except" clause discussed and applied in *Smith*.

In *Smith*, the court compared the pre-1988 version of the statute, K.S.A. 1985 Supp. 21-4603(3), to the "current" version of

the statute, K.S.A. 1992 Supp. 21-4603(4), and found the addition of the "except" clause at the beginning of subsection (a) required a different result than was reached in *Reed*. The court in *Smith* makes repeated reference to the fact that Smith's appeal was not a direct appeal of his conviction, but rather an appeal from a denial of his first motion to modify. The court refused to interpret 21-4603(4)(b) as allowing the filing of a mandate affirming the denial of the first motion to modify to open a second 120-day window under 21-4603(4)(b) for filing a second motion to modify. The court then stated:

"We conclude the '[e]xcept when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b)' language in (4)(a) means a direct appeal from the conviction. When there is no such appeal, the window granting a trial court jurisdiction to modify the disposition within 120 days after its imposition closes, and, thereafter, the trial court has no jurisdiction to modify the sentence. Exceptions would only exist as to an illegal sentence, which may be corrected at any time (K.S.A. 22-3504[1]), and a statutorily required reconsideration where modification is recommended by the Topeka Correctional Facility.

"The jurisdictional window under 21-4603(4)(b) only opens upon receipt of a mandate on a direct appeal from the conviction which has been decided adversely to the defendant. Thus, as herein, where there is no direct appeal from the conviction and neither of the aforementioned exceptions are present, the trial court has no jurisdiction to hear a motion to modify filed after the expiration of 120 days from the imposition of the original sentence.

"This is a logical construction of the statute. The legislature has granted specific limited jurisdiction to trial courts to modify a disposition in a criminal case. Where there is no legal challenge to the conviction itself, a trial court has, under 21-4603(4)(a), jurisdiction for 120 days to modify the disposition. A defendant may seek sentence modification within that time frame. A defendant appealing his or her conviction is obviously challenging the conviction itself. If successful, there is no need for a defendant to seek modification of the sentence. If the challenge to the conviction is unsuccessful, the legislature grants the trial court jurisdiction for 120 days after receipt of the mandate to modify the sentence imposed on the conviction which has been affirmed. A defendant may, thereby, seek modification of a sentence after the conviction has been affirmed in the appellate process within the statutory time limits." 254 Kan. at 19-20. (Emphasis added.)

Hervey argues the *Smith* decision should be applied prospectively only. " 'In Kansas, a judicial decision will be applied retroactively unless it establishes a new rule of law, retroactive application would not further the principle on which the decision is based, and retroactive application would cause substantial hard-

ship or prejudice.' [Citation omitted.]" *State v. Chandler*, 17 Kan. App. 2d 512, 515, 839 P.2d 551 (1992). *Smith* should be applied retroactively because: (1) It does not establish a new rule of law but is only a "logical construction" of an established statute (254 Kan. at 20); (2) retroactive application will further the principle of denying multiple appeals of the same issue; and (3) retroactive application will not cause substantial hardship because those affected will have already had an opportunity to appeal the denial of their motion to modify.

Here, as in *Smith*, Hervey has already appealed the denial of his first motion to modify. However, unlike Smith, Hervey also appealed his conviction. Under *Smith*, this distinction is significant. The court in *Smith* interpreted 21-4603(4)(b) as allowing the filing of a second motion to modify within 120 days of the filing of the mandate affirming a conviction. Although the dissenting opinion in *Smith* read the majority opinion broadly to bar the filing of a second motion to modify in cases where a defendant appeals both a denial of a motion to modify and the conviction, the majority made no exception for a case where the denial of a motion to modify is also appealed with the conviction. Where the mandate affirms both the conviction and the denial of the first motion to modify, the district court likewise has jurisdiction for 120 days after receipt of the mandate to modify the sentence.

This interpretation of K.S.A. 1992 Supp. 21-4603(4)(a) and (b) gives voice to the fundamental rule of statutory construction that the purpose and intent of the legislature governs. *State v. Cole*, 238 Kan. 370, 371, 710 P.2d 25 (1985). By permitting a defendant to file a second motion to modify within 120 days after receipt of a mandate affirming both a conviction and the denial of the first motion to modify, we give meaning and purpose to subsection (b), as well as the "except" clause at the beginning of subsection (a). Our interpretation of this statute is also guided by the rule of statutory construction applicable to penal statutes. The Supreme Court in *Reed* viewed the pre-1988 version of 21-4603 as a penal statute and applied the rule of statutory construction applicable to penal statutes when interpreting the statute. Whenever the interpretation of a penal statute is questioned, courts are required to strictly construe the statute in favor of the accused. *Reed*, 253 Kan. at 162 (quoting *State v. Magness*, 240

Kan. 719, 721, 732 P.2d 747 [1987]). We conclude the district court in the present case had jurisdiction to consider Hervey's second motion to modify.

The concurring and dissenting opinion filed in the present case concludes the "essence" of *Smith* is that 21-4603(4)(b) does not provide a 120-day period to allow the filing of a second motion to modify "when the earlier appeal is from the denial of a request for the identical relief." While there is some support for this conclusion in the general statements contained in the *Smith* syllabus, the facts presented in *Smith* differ from those present here. Again, in *Smith* only the denial of a motion to modify was appealed in Smith's first appeal. Here, Hervey also appealed his conviction. This factual difference takes this case out of the holding contained in the *Smith* syllabus and into the provisions contained in 21-4603(4)(b) as interpreted in the body of the majority's opinion in *Smith*.

It could be argued that *State v. Saft*, 244 Kan. 517, 769 P.2d 675 (1989), supports the general conclusion that 21-4603(4) does not require or allow district courts to consider successive motions to modify. We conclude the citation of *Saft* is not relevant to the issue presented here because *Saft* presents different facts and deals with a different question. In *Reed*, the Supreme Court noted factual differences between *Saft* and *Reed* and rejected the State's argument that *Saft* controlled the interpretation to be given the pre-1988 version of 21-4603:

"When this court observed in *Saft* that the 'defendant's arguments for modification have already been heard and decided,' 244 Kan. at 251, it was implicit in the observation that the arguments had been heard and decided *in defendant's favor*.

"This reasoning does not apply to a defendant, like Reed, whose previous motion for sentence modification was denied rather that granted. . . .

"The State's assertion that *Saft* controls and that the rule from *Saft* precludes a second motion for modification irrespective of the disposition of the first motion is not persuasive." *State v. Reed*, 253 Kan. at 160.

Hervey shares the factual distinction identified by the court in *Reed*. Like Reed and unlike Saft, Hervey's first motion to modify was also denied. Further, the question presented here and the question presented in *Saft* are different. The sole issue presented in *Saft* is whether a district court has jurisdiction to modify a

sentence pursuant to K.S.A. 21-4603(3) when the motion to modify is filed within 120 days *from a modification* of sentence but outside the 120 days from imposition of the original sentence. This question differs from the question presented here: whether the district court has jurisdiction to modify a sentence pursuant to 21-4603(4)(b) when the motion to modify is filed within 120 days *from the filing of the mandate affirming a conviction.*

We turn then to the merits of the issue Hervey raises: Did the district court abuse its discretion in denying his second motion to modify by failing to consider the sentencing policies and factors set forth in 21-4601 and 21-4606(2)? Hervey acknowledges *State v. Mareska,* 253 Kan. 431, 432, 855 P.2d 954 (1993), which held the district court's failure to reconsider the 21-4606 sentencing factors when ruling upon a motion to modify is not an abuse of discretion. In *Mareska,* the court held 21-4606 does not apply to the modification of sentence. 253 Kan. at 432. Hervey argues the court abused its discretion in denying his second motion to modify by failing to consider his lack of prior felony convictions, the alleged evidence of mistaken identity presented at trial, and the three years served in prison since his conviction. Hervey's prior criminal record is one of the factors contained in 21-4606(2). Further, neither evidence presented at trial which is arguably favorable to the defendant nor his subsequent prison service would require modification of sentence. Hervey has failed to establish the district court abused its discretion in denying his second motion to modify.

Affirmed.

LARSON, J., concurring and dissenting: I concur with the majority as to the timeliness of this appeal and that *State v. Smith,* 254 Kan. 16, 864 P.2d 1208 (1993), should be applied retroactively. It is only in the manner in which *Smith* is applied that I differ with the majority.

The majority here finds that jurisdiction existed in the trial court to hear Hervey's second motion to modify his sentence despite the fact a request for the identical relief had been previously requested and denied and that denial affirmed on appeal. The justification for allowing Hervey's motion to modify to be twice considered is that in *Smith* the appeal was only from the

denial of Smith's motion to modify (Smith did not directly appeal his conviction), while here Hervey not only first appealed the denial of his motion to modify, he also contemporaneously and unsuccessfully directly appealed his conviction.

I would hold that the fact Smith did not directly appeal his conviction, while Hervey did, is a distinction that makes no difference. What does make a difference is the fact that both Smith and Hervey filed motions to modify their sentences, both motions were denied by the trial court, and both denials were affirmed on appeal.

The essence of the *Smith* decision is that the "jurisdictional window" of K.S.A. 1992 Supp. 21-4603(4)(b) does not open for a 120-day period to allow a second motion to modify to be filed when the earlier appeal is from the denial of a request for the identical relief.

It is not instructive, in my view, to attempt to obtain guidance from the numerous amendments to K.S.A. 21-4603. *State v. Reed*, 253 Kan 154, 853 P.2d 50 (1993) (Reed II), is of interest because jurisdiction to hear a second motion was there found to exist when Reed first appealed only a motion to withdraw his plea. *State v. Reed*, 248 Kan. 506, 809 P.2d 553 (1991) (Reed I).

Also of interest is *State v. Saft*, 244 Kan. 517, 769 P.2d 675 (1989), which involved an earlier version of 21-4603 but held that when a person convicted of a crime had received a favorable modification of his sentence, the district court was without jurisdiction to hear a second motion to modify.

*Reed II* and *Saft* differ factually from each other, and from *Smith* and our case. The first appeal in *Reed I* was not from the denial of Reed's motion to modify. *Saft's* second motion to modify was found not to be timely, but it was filed after he had received favorable treatment from his first motion to modify. Ultimately, neither *Reed* nor *Saft* can be deemed to compel a specific result in our case.

I would construe K.S.A. 1992 Supp. 21-4603(4)(b) in a manner different from the majority herein. Although it has been held that "[p]enal statutes must be strictly construed in favor of the person sought to be subject to their operations," *State v. Cole*, 238 Kan. 370, 372, 710 P.2d 25 (1985), the rule of strict construction "is subordinate to the rule that judicial interpretation

must be reasonable and sensible to effectuate legislative design and the true intent of the legislature." *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d .539 (1985).

The reasonable and sensible interpretation of K.S.A. 1992 Supp. 21-4603(4)(b) should be that when the appeal that is taken and determined adversely to the defendant includes the denial of a motion to modify a sentence, that decision is final and binding and may not be raised again by a second or successive motion to modify the identical sentence.

I would find that *Smith* should be applied retroactively but the trial court does not have jurisdiction to hear Hervey's second motion to modify. This appeal should not be affirmed but, rather, dismissed.