NOT DESIGNATED FOR PUBLICATION

No. 116,478

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANDO ORTIZ JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ANTHONY J. POWELL and JEFFREY E. GOERING, judges. Opinion filed October 13, 2017. Reversed, sentence vacated, and remanded with directions.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.


PER CURIAM: Armando Ortiz appeals the district court's denial of his motion to correct an illegal sentence under K.S.A. 22-3504. For the reasons discussed below, we find the district court imposed an illegal sentence in this case. Accordingly, we reverse the district court's ruling denying Ortiz' motion, vacate the sentence of lifetime postrelease supervision, and remand this case to the district court for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2011, Ortiz was charged with rape, a severity level 1 person felony, in violation of K.S.A. 2010 Supp. 21-3502(a)(1)(A). In keeping with a plea agreement, Ortiz pled no contest to indecent solicitation of a child and aggravated battery. The district court sentenced Ortiz to a controlling sentence of 24 months' probation with an underlying prison term of 32 months and 24 months' postrelease supervision.

Ortiz violated his probation on April 6, 2012, and the district court revoked it on May 3, 2012. Notably, typewritten in the disposition section of the journal entry of judgment memorializing the results from the probation revocation hearing was the statement: "No postrelease period to be served per K.S.A. 22-3716(e)." However, on June 20, 2012, the district court issued an order nunc pro tunc which modified Ortiz' postrelease supervision term for the indecent solicitation of a child conviction to "Lifetime Postrelease." The order nunc pro tunc also stated: "The language 'No postrelease period to be served per K.S.A. 22-3716(e).' should be deleted from Section III. Disposition."

Over three years later, on November 24, 2015, Ortiz filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. Citing *State v. Proctor*, 47 Kan. App. 2d 889, 314 P.3d 900 (2012), *rev'd and remanded* by Sup. Ct. order June 19, 2013, Ortiz asked the district court to "correct this sentence in part, as it relates to lifetime post release supervision and in agreement with *State v. Proctor*."

The district court summarily denied Ortiz' motion, stating:

> "The Court does not believe that oral argument is necessary or helpful to the resolution of this motion. [Ortiz] attacks the [c]onstitutionality of lifetime postrelease supervision. A sentence that is potentially unconstitutional is not illegal and may not be

2

challenged under K.S.A. 22-3504. *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006). As such, [Ortiz'] motion must be denied."

Ortiz appeals.

ANALYSIS

On appeal, Ortiz first argues that the "modification of the [district court's] probation revocation journal entry with a nunc pro tunc order resulted in the imposition of an illegal sentence which ought to have been corrected by the court." The State counters that K.S.A. 22-3504 is an improper legal vehicle to attempt to redress an allegedly unconstitutional sentence.

At the outset, while Ortiz reprises the constitutional argument he made in the district court, he also presents some new arguments on appeal in support of his legal contention that the district court's nunc pro tunc order imposed an illegal sentence. As the State notes and Ortiz acknowledges, he did not raise these other issues in the district court.

As a general rule, issues not raised before a district court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). When an appellant raises a new issue on appeal, however, Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] would be strictly enforced).

Cognizant of this procedural hurdle, on appeal Ortiz argues that a "pro se motion should be liberally construed." Ortiz' point is well taken. Our Supreme Court recently affirmed this principle in *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017), when

it held that "'[j]udges must liberally construe a pro se pleading to "giv[e] effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments."' [Citations omitted.]"

An illegal sentence, as contemplated by K.S.A. 22-3504(1), is

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citations omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 22-3504. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); see also *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 (2006) ("A claim that a sentence fails to conform to *constitutional* requirements is not a claim it fails to conform to *statutory* requirements [and thus] does not fit within the limited, narrow definition of an illegal sentence [under K.S.A. 22-3504.]"; accord *State v. Kingsley*, 306 Kan. 530, 535-36, 394 P.3d 1184 (2017) (same). Here, given the constitutional basis for Ortiz' motion in the district court, the district court understandably relied on *Gayden* when it dismissed Ortiz' motion to correct illegal sentencing.

However, K.S.A. 22-3504(1) permits a court to correct a sentence at any time, and a defendant may even challenge a sentence for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). On appeal, Ortiz primarily focuses on the notion that the nunc pro tunc modification to his sentence violated Kansas law rather than his alternative constitutional argument.

4

"A criminal sentence is effective when pronounced from the bench at the sentencing hearing; it does not derive its effectiveness from the journal entry." *State v. Potts*, 304 Kan. 687, 707-08, 374 P.3d 639 (2016). Here, the sentence imposed at the conclusion of the probation revocation hearing provided that Ortiz would not serve any term of postrelease supervision. This sentence was also memorialized in the journal entry of the probation revocation hearing. However, later, the district court attempted to modify Ortiz' sentence by filing a journal entry nunc pro tunc imposing a lifetime postrelease supervision term and deleting the contrary language from the journal entry of the probation revocation hearing.

The procedure employed by the district court in an effort to modify Ortiz' sentence without the defendant's presence in court by filing a nunc pro tunc order was improper. In *Potts*, our Supreme Court cited *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 2, 941 P.2d 365 (1997) for the proposition: "'A nunc pro tunc order under K.S.A. 22-3504(2) may only be used to correct actual clerical errors or errors arising from oversight or omission.'" *Potts*, 304 Kan. at 709.

In Ortiz' case, there is no evidence to support a clerical error or oversight in the district court's journal entry memorializing that Ortiz would not serve a postrelease supervision sentence. By filing a nunc pro tunc order modifying Ortiz' sentence imposed at the probation revocation hearing, the district court did not conform to the applicable statutory provisions which generally require a defendant to be personally present for sentencing. See K.S.A. 2016 Supp. 22-3424(e)(4) and (f). Under circumstances similar to those presented in this case, our Supreme Court in *Potts* held that instead of issuing a nunc pro tunc order to attempt to correct an illegal sentence, the appropriate remedy is to vacate the sentence in the order and remand the case for resentencing. 304 Kan. at 709.

Liberally construing Ortiz' motion and considering the statutory arguments raised by Ortiz for the first time on appeal, we reverse the denial of the K.S.A. 22-3504(1)

motion and conclude that the lifetime postrelease supervision sentence for indecent solicitation of a child as modified in the nunc pro tunc order is illegal and must be vacated. The matter is remanded to the district court with directions to conduct a sentencing hearing in the presence of Ortiz and resentence him to the appropriate term of postrelease supervision.

Reversed, sentence vacated, and remanded with directions.