No. 68,482

STATE OF KANSAS, *Appellant,* v. STEPHEN DEAN REED, *Appellee.*

(853 P.2d 50)

Opinion filed May 28, 1993.

*JaLynn Copp,* assistant attorney general, argued the cause, and *Edwin A. Van Petten,* deputy attorney general, was on the brief for appellant.

*Jean K. Gilles Phillips,* assistant appellate defender, argued the cause, and, *Lucille Marino,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The State appeals the district court's ruling which allowed Stephen Dean Reed to file a successive motion to modify his sentence under K.S.A. 1992 Supp. 21-4603(4)(b) after his first motion to modify had been denied. This court's jurisdiction is based on K.S.A. 22-3602(b)(3).

The following background facts are taken from this court's opinion in Reed's original appeal from the district court's order denying his motion to withdraw his plea of nolo contendere to first-degree murder:

"On March 17, 1986, Jimmy Ray Vanderlinden was found dead in his residence near Galena, Kansas. The victim had been bound hand and foot and had been shot three times in the back of the head. As a result of the ensuing investigation, multiple felony charges were filed against Susan Diane Vanderlinden (the victim's wife), Luke Patrick Callihan, and the defendant herein. It was the State's theory that the wife had hired Callihan to kill her husband. Callihan, in turn, had subcontracted the job to the defendant. Callihan, pursuant to a plea bargain, pled guilty to conspiracy to commit murder (a class C felony) in exchange for the dismissal of the other charges and his testimony against Mrs. Vanderlinden and the defendant herein." *State v. Reed,* 248 Kan. 506, 506-07, 809 P.2d 553 (1991) *(Reed I).*

Reed entered his plea of nolo contendere on March 9, 1987. His motion to withdraw the plea was filed in the district court in April and denied in May 1987. He was sentenced to the custody of the Secretary of Corrections. 248 Kan. at 507.

In July 1987, Reed filed a motion to modify his sentence pursuant to 21-4603. The motion was taken up by the district court in November 1987 and denied on January 13, 1988.

On January 22, 1988, Reed filed a motion to reconsider the withdrawal of his plea of nolo contendere. It was denied by the district court in February 1988. Also on January 22, 1988, he filed a notice of appeal from his conviction, sentence, and denial of his motion to withdraw the plea. This court affirmed. 248 Kan. 506. The mandate was filed in the office of the clerk of the district court on May 15, 1991.

On May 6, 1991, Reed filed a second motion to modify his sentence. On June 17, 1991, the district court conducted a hearing on the State's motion asking the court to decline to entertain the second motion to modify for lack of jurisdiction.

The district court found that the motion to modify had been filed within the time prescribed by 21-4603(3). The district court concluded that it was within its discretion to entertain more than one timely motion to modify sentence.

Before the district court had ruled on the merits of the second motion to modify sentence, the State appealed from the order assuming jurisdiction. In an unpublished *per curiam* opinion, this court dismissed the appeal for lack of jurisdiction. *State v. Reed,* No. 66,853, unpublished opinion filed May 22, 1992 (*Reed II*). The district court then denied Reed's second motion to modify his sentence.

The State renewed its appeal from the district court's decision that it had jurisdiction to consider a successive motion to modify sentence. The parties filed new briefs, and the matter is now before this court.

As a preliminary matter, Reed contends that the State's appeal should be denied on the ground that the State failed to provide a record. Although the record is slim, we find it is adequate for determination of the single issue on appeal.

The sole issue asserted by the State is whether the district court erred in considering Reed's second motion to modify his sentence under K.S.A. 1992 Supp. 21-4603 when his first motion. to modify had been denied.

K.S.A. 1992 Supp. 21-4603(4) provides as follows:

"(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification.

"(b) If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

K.S.A. 21-4603 has been tinkered with in each recent legislative session. The substantive amendment occurred during the 1988 session and became effective on July 1 of that year. See L. 1988, ch. 116. The salient features of the 1988 amendment were the division of subsection (3) into sections (a) and (b) and the addition of the "except" clause. What was subsection (3) in the 1988 version of the statute is subsection (4) in the current version.

Reed argues that the current version of 21-4603 is not applicable to his motion to modify sentence. He contends that the version of the statute which was in effect at the time the offense was committed applies. For the proposition that the earlier version applies to his motion, he relies on *State v. Sylva*, 248 Kan. 118, 120, 804 P.2d 967 (1991); *State v. Sutherland*, 248 Kan. 96, 804 P.2d 970 (1991); and *State v. Pierce*, 246 Kan. 183, 787 P.2d 1189 (1990).

The court's reason and rule respecting prospective or retroactive operation are stated in the following paragraphs from the syllabus in *Sutherland:*

"A fundamental rule of statutory construction is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively." Syl. ¶ 4.

"An exception to the fundamental rule set forth in Syl. ¶ 4 is that, if the statutory change does not affect the substantive rights of the *parties* and is merely procedural or remedial in nature and is not prejudicial to the parties, it applies retroactively." Syl. ¶ 5.

"Because K.S.A. 1989 Supp. 21-4603(3) affects the length of the sentence to be imposed, it is substantive in nature and must be applied prospectively." Syl. ¶ 6.

The State asserts that 21-4603 is a procedural statute but fails to address any of the controlling case authority.

Sutherland's offense took place and sentence was imposed before July 1, 1989. On July 1, 1989, K.S.A. 21-4603 was amended. Prior to the amendment, subsection (3) provided that the court "may" modify a sentence if recommended by the state reception and diagnostic center. After the amendment, the section provided that the court "shall" modify a sentence if so recommended. On July 13, 1989, Sutherland filed his motion to modify sentence. This court concluded that the amendment did not apply in Sutherland's case. Included in the court's reasoning was a reference to the holding in *Kelsey v. State,* 194 Kan. 668, 670, 400 P.2d 736 (1965), that "the penalty for an offense is that provided by statute at the time the offense was committed." 248 Kan. at 107-08.

Before this court decided *Sutherland,* the Court of Appeals had filed conflicting decisions on the issue whether 21-4603 operates prospectively or retroactively. *State v. Sylva,* 14 Kan. App. 2d 609, 795 P.2d 947 (1990), held that 21-4603 was substantive rather than procedural, and it was affirmed in *Sylva,* 248 Kan. 118. In *Sylva,* this court referred to its decision in *Sutherland* as controlling. 248 Kan. at 120.

Reed says of *Pierce*:

"[T]his Court implicitly found that the version of the statute's subsection in effect at the time of the offense applied to a motion to modify when it noted that the amendments to K.S.A. 21-4603(3) in 1988 and 1989 were 'not applicable to this appeal.' *Pierce,* 246 Kan. at 185."

The reported opinion does not indicate when Pierce's offenses were committed. We do know that he was convicted by a jury on July 14, 1986. 246 Kan. at 184. We also know, not because it is stated in the opinion but by checking the session laws, that the version of the statute applied in the opinion became effective

on July 1, 1986. See 246 Kan. at 185 and L. 1986, ch. 136, § 1. The court introduced the statutory provision as "K.S.A. 21-4603 in effect at the time relevant to this proceeding." 246 Kan. at 185. Because we know that jury trials are not completed within two weeks of the commission of felony offenses, we can deduce that the *Pierce* court was not applying the version of the statute which was in effect at the time of the offense. The version applied was in effect at the times of Pierce's conviction, sentencing, and filing of the first motion to modify.

In *Sutherland*, it appears from the rationale stated there that the court selected for application the post-1988 version of 21-4603 which was in effect at the time of the offense. It happens that the same version was in effect at the time sentence was imposed. In *Pierce*, it appears that the court selected for application the pre-1988 version of 21-4603 which was in effect at the time of conviction and sentence rather than when the offenses were committed. In the present case, Reed committed the offense in 1986; he entered a plea and was sentenced in 1987. In either case, a pre-1988 version of 21-4603 would apply to the defendant's motion to modify. The pre-1988 version in effect, K.S.A. 1985 Supp. 21-4603(3), provided:

"Any time within 120 days after a sentence is imposed or within 120 days after probation has been revoked, the court may modify such sentence or revocation of probation by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or the court of appeals."

The State argues that there is nothing in the language of the statute which indicates an intent to allow a defendant to file multiple motions for modification of the same sentence. The State also argues that it is "clear on the face of the statute that the legislature has intended for the district courts to address the issue of modification [only] once." And the State concludes its argument by suggesting that interpreting 21-4603 as it advocates would safeguard defendant's right to seek modification of his sentence while prohibiting an abuse of judicial resources by repeated litigation of the same issue.

The State relies on *State v. Saft,* 244 Kan. 517, 769 P.2d 675 (1989). In particular, it urges consideration of the following language: "[T]here is generally no reason to modify a sentence which has already been modified within the 120 days from the original sentencing. The defendant's arguments for modification have already been heard and decided." 244 Kan. at 521. The State fails to comment on an obvious difference between *Saft* and the present case—that Saft's previous motion to modify had been granted.

*Saft* is an appeal from the district court's ruling that it lacked jurisdiction to modify Saft's previously modified sentence. This court affirmed. Saft initially was sentenced to a controlling term of 15 years to life. Within 120 days of the time sentence was imposed, he filed a motion to modify. Nearly a year later the district court granted the motion and modified his sentence to 10 to 20 years on each charge, with each sentence to run concurrently. Within 120 days of the time the sentence was modified, Saft filed a motion to modify the modified sentence.

The issue before the court, therefore, was "whether a district court has jurisdiction to modify a sentence pursuant to a motion filed within 120 days from a modification of sentence, but outside the 120 days from the imposition of the original sentence." 244 Kan. at 518. The controlling statute, 21-4603, has been amended since the *Saft* decision. The changes, however, are not material to this portion of the discussion. The pertinent portion of the statute which was applicable to Saft's question stated the following: " 'Any time within 120 days after a sentence is imposed . . . the court may modify such sentence . . . by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits.' " 244 Kan. at 518 (quoting K.S.A. 21-4603[3]).

Saft argued that the legislature's use of the phrase "within 120 days after a sentence is imposed" "means that a defendant has 120 days after each modification to file for another modification." 244 Kan. at 518. This court rejected the interpretation advocated by Saft. It reasoned that the legislature "could easily have granted the court authority to modify 'within 120 days after a sentence is imposed or *modified.*' " 244 Kan. at 521. The court noted that the legislature had spelled out a few exceptions to the 120-day

rule, but that a motion to modify a modified sentence was not among the exceptions.

In the present case, the district court's comment on the language singled out by the State is as follows:

"Justice Herd, in *Saft*, at page 521, does say: 'In contrast, there is generally no reason to modify a sentence which has already been modified within the 120 days from the original sentencing. The defendant's arguments for modification have already been heard and decided.' This language, however, in this court's view is not a directive, but rather is only illustrative of the author's argument on an entirely different issue. In this court's opinion, whether the sentencing court entertains more than one motion to modify sentence, if timely filed, is entirely discretionary."

In *Saft*, this court opined that the legislature had specified a few exceptions to the 120-day rule for defendants who have lost a favorable condition or opportunity. The exceptions permit these defendants to apply for more lenient treatment. For example, when probation has been revoked or when an appeal has been decided adversely to a defendant, the legislature provided for a motion to modify sentence within 120 days of revocation or receipt of the mandate. The defendant whose sentence has been modified, on the other hand, has already been favored. The legislature does not seem to have carved out an exception to the 120-day rule for such defendant. When this court observed in *Saft* that the "defendant's arguments for modification have already been heard and decided," 244 Kan. at 521, it was implicit in the observation that the arguments had been heard and decided *in defendant's favor*.

This reasoning does not apply to a defendant, like Reed, whose previous motion for sentence modification was denied rather than granted. The denial of a motion for sentence modification does not degrade or improve a defendant's lot; it maintains the status quo. Reed's circumstances, therefore, do not seem to be like those for which the legislature created an exception to the 120-day rule. Nor are they like the circumstances in *Saft*.

The State's assertion that *Saft* controls and that the rule from *Saft* precludes a second motion for modification irrespective of the disposition of the first motion is not persuasive. The time limits on a district court's jurisdiction for entertaining a motion to modify sentence are the central subject of *Saft*. In the present

case, there is no contention that Reed's second motion for modification is untimely. Thus, there seems to be no direct lesson which can be drawn from *Saft* to assist with disposition of the present case.

In *State v. Pierce,* 246 Kan. 183, Pierce was convicted in July 1986 and sentenced in September 1986. On December 30, 1986, he filed a motion to modify his sentence, which was denied. In February 1988 his convictions were upheld by this court; the denial of his first motion to modify was not raised as an issue in that appeal. In April 1988, Pierce filed a second motion to modify his sentence. The district court denied the motion and denied Pierce's request for appointment of counsel in connection with the motion. He appealed only the issue of appointment of counsel, and this court, in deciding that counsel was not necessary, said:

"In the present case, the defendant filed two motions to modify his sentence pursuant to K.S.A. 21-4603(3). At the time the statute allowed the court to consider modification both post-sentence and post-appeal. The defendant was granted a hearing on the first motion at which he was represented by counsel. The second motion alleges no new facts or circumstances which would justify a modification of sentence or require a hearing." 246 Kan. at 188.

Implied in this statement is a recognition that the pre-1988 version of 21-4603(3) permits both post-sentence and post-appeal motions to modify.

General principles of statutory construction which may provide some guidance in examining 21-4603(3) are as follows:

"The fundamental rule of statutory construction is that the purpose and intent of the legislature govern when the intent can be ascertained from the statute. . . .

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. [Citations omitted.] In determining legislative intent, the court is not required to examine only the language of the statute, but may properly 'look into the causes which impel the statute's adoption, the objective sought to be attained, the statute's historical background and the effect the statute may have under the various constructions suggested.' [Citations omitted.]" *Hughes v. Inland Container Corp.,* 247 Kan. 407, 414, 799 P.2d 1011 (1990).

In addition, the court applies the following principles when considering criminal statutes:

"When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused. *State v. Cole,* 238 Kan. at 372. 'However, [this] rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and . . . intent.' *State v. Fowler,* 238 Kan. 213, 215, 708 P.2d 539 (1985)." *State v. Magness,* 240 Kan. 719, 721, 732 P.2d 747 (1987).

Applying these general principles to the pre-1988 version of 21-4603(3), it is clear that the district court may modify a sentence within 120 days of its imposition. Further, the sentence of a defendant who unsuccessfully appealed could be modified within 120 days of receipt of the mandate. In effect, the defendant who appeals can file a motion to modify 120 days from sentencing and, if the appeal is determined adversely, 120 days from receipt of the mandate. We conclude that the district court had jurisdiction to consider Reed's motion to modify sentence following receipt of the mandate even though the court had denied his pre-appeal motion to modify filed within 120 days of sentencing.

Appeal denied.