No. 71,947

STATE OF KANSAS, *Appellee*, v. ROBERT R. WATERBURY, *Appellant*.

(907 P.2d 858)

Opinion filed December 8, 1995.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for the appellant.

*Robert L. Daub*, county attorney, and *Carla J. Stovall*, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Robert R. Waterbury, appeals from the trial court's denial of his post-appeal motion to modify his sentence for aggravated sodomy. The defendant contends that the trial court abused its discretion by denying his motion without properly considering the factors set forth in K.S.A. 21-4601 and K.S.A. 1994 Supp. 21-4606.

We first determine this court's jurisdiction to hear the defendant's post-appeal motion to modify the sentence. After his conviction and sentencing, the defendant took a direct appeal, raising three issues. He claimed (1) abuse of discretion in the denial of his motion to modify the sentence; (2) abuse of discretion in his sentence of 10 years to life; and (3) that the information charging him was defective.

This court affirmed the trial court on all issues. *State v. Water-bury*, 248 Kan. 169, 175, 804 P.2d 1000 (1991). The defendant then filed a second sentence modification motion which was ultimately denied on its merits. This appeal is from the district court's denial of his second motion to modify. This court ordered the defendant to show cause why this appeal should not be dismissed for lack of jurisdiction, citing *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993), and K.S.A. 1994 Supp. 21-4603. The defendant responded, and this court retained the appeal subject to further review after oral argument.

In *State v. Smith*, the defendant filed a motion to modify the sentence. The trial court denied the motion, and the defendant appealed this denial to the Court of Appeals. The Court of Appeals determined the appeal adversely to the defendant by affirming the district court. Within 120 days of the Court of Appeals' mandate, the defendant filed a second motion to modify. The district court granted the State's motion to dismiss the defendant's second sentence modification motion for lack of jurisdiction. This court affirmed the dismissal, finding that the legislature's use of the term "appeal" in K.S.A. 1992 Supp. 21-4603(4) was intended to refer to *direct* appeals from the defendant's *conviction*. According to *Smith*, if a direct appeal of the conviction is taken and determined adversely to the defendant, then the district court may entertain a motion to modify the sentence if it is filed within 120 days from the receipt of the mandate. However, if an appeal determined adversely to the defendant is not a direct appeal of the conviction but is merely an appeal of a district court's denial of a sentence modification motion, then the district court does not have jurisdiction to hear another motion to modify even if the defendant files it within 120 days of receipt of the mandate. 254 Kan. at 19-20.

As we stated in *Smith*, 254 Kan. at 19:

"In the case before us, defendant's first appeal was not a direct appeal of his conviction, but was an appeal from the denial of his first motion to modify. Defendant is attempting to use the mandate affirming the denial of his first motion to modify to open the jurisdictional window under 21-4603(4)(b) for the filing of a second motion to modify. By this rationale, an unlimited number of motions to modify could be filed as long as each successive motion is filed within the 120-

day window after receipt of the mandate affirming the trial court's denial of a defendant's most recently filed motion to modify sentence. We believe such a result would be contrary to K.S.A. 1992 Supp. 21-4603(4)."

In the *Smith* syllabus, 254 Kan. 16, this court held:

"In construing K.S.A. 1992 Supp. 21-4603(4), it is *held*: The district court has no jurisdiction to hear a defendant's second motion to modify sentence where: (1) defendant filed one such motion within 120 days after imposition of sentence; (2) the trial court denied the motion; (3) defendant appealed from the denial of the motion; and (4) defendant filed a second motion to modify sentence within 120 days after receipt of the mandate affirming the trial court's denial of the first motion to modify."

However, in State *v. Reed*, 253 Kan. 154, 853 P.2d 50 (1993), the defendant's appeal was exclusively based on a direct appeal from the conviction. The appeal did not challenge the trial court's denial of the defendant's motion to modify the sentence. Thus, when the appellate court issued a mandate adverse to the defendant, this court held that the district court had jurisdiction to hear the defendant's post-appeal motion to modify which was filed within 120 days of the mandate even though the trial court had refused to modify the sentence prior to the first appeal.

The majority opinion in *Smith* only addresses what happens if the defendant's first appeal *exclusively* appealed the district court's denial of the motion to modify. 254 Kan. at 19. It does not address the question as to what happens if the defendant's first appeal includes *both* an appeal from a denial of a motion to modify the sentence and a direct appeal from the conviction. The *Smith* dissent argued that *Smith* does not allow a defendant to appeal both the conviction and the denial of sentence modification motion. According to the *Smith* dissent, if a defendant does appeal both, then the district court does not have jurisdiction to hear a post-appeal motion to modify upon the appeal being determined adverse to the defendant. 254 Kan. at 21-22. As the dissent states:

"We have always required a defendant to include all known grounds for appeal or lose the right to have that issue considered on appeal. Now we are telling a defendant that he or she may file a motion to modify, have it heard and denied, and then appeal, and *so long as he or she appeals only the conviction and does not appeal the trial court's refusal to modify, he or she has the statutory right to request the modification a second time within 120 days after receipt of the mandate*

*by the clerk of the district court. But, if he or she includes the denial of the motion to modify in the first appeal, he or she cannot again file a motion to modify the sentence. "* (Emphasis added.) 254 Kan. at 22.

The defendant contends, however, that he follows the *Smith* rule because his first appeal included a *direct appeal from the conviction.* The defendant contended in his first appeal, *inter alia,* that the information was defective because it failed to allege that the defendant was not married to the victim when the offense occurred. *Waterbury,* 248 Kan. at 169-70. Thus, when this appeal was determined adverse to the defendant, he contends that he had 120 days after the receipt of the mandate from the Supreme Court to file a post-appeal motion to modify. According to the defendant, it does not matter that his first appeal also challenged the district court's denial of his first motion to modify. After all, he argues, the *Smith* majority does not specify that the appeal must be exclusively a direct appeal from the conviction. It simply states that "[t]he jurisdictional window under 21-4603(4)(b) only opens upon receipt of a mandate on a direct appeal from the conviction which has been decided adversely to the defendant." 254 Kan. at 20. In the case before us, this court issued such a mandate from the defendant's appeal where he, *inter alia,* directly challenged his conviction. Thus, according to the defendant, the district court's jurisdictional window opened under K.S.A. 1994 Supp. 21-4603(d)(2), and it could hear his post-appeal motion to modify, which was filed within 120 days of the mandate.

In making this argument, the defendant relies on *State v. Hervey,* 19 Kan. App. 2d 498, 873 P.2d 188, *rev. denied* 255 Kan. 1005 (1994). In *Hervey,* the defendant filed his first sentence modification motion, and the district court denied it. In the defendant's first appeal, he challenged the district court's denial of his sentence modification motion and he directly challenged the conviction. The Court of Appeals affirmed the district court on all counts and issued a mandate adverse to the defendant. Within 120 days of such mandate, the defendant filed a post-appeal motion to modify the same sentence, which the district court also denied. The defendant appealed the district court's denial of his second sentence modification motion, contending that the district court abused its dis-

cretion by not properly considering the factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606. 19 Kan. App. 2d. at 499-500. The Court of Appeals found that the district court did have jurisdiction to hear a post-appeal motion to modify which was filed within 120 days upon receipt of the mandate affirming both the conviction and the denial of a motion to modify. 19 Kan. App. 2d at 504. In holding as it did, the *Hervey* court distinguished *Smith*:

"Here, as in *Smith*, Hervey has already appealed the denial of his first motion to modify. *However, unlike Smith, Hervey also appealed his conviction.* Under *Smith*, this distinction is significant. The court in *Smith* interpreted 21-4603(4)(b) as allowing the filing of a second motion to modify within 120 days of the filing of the mandate affirming a conviction. Although the dissenting opinion in *Smith* read the majority opinion broadly to bar the filing of a second motion to modify in cases where a defendant appeals both a denial of a motion to modify and the conviction, the majority made no exception for a case where the denial of a motion to modify is also appealed with the conviction. Where the mandate affirms both the conviction and the denial of the first motion to modify, the district court likewise has jurisdiction for 120 days after receipt of the mandate to modify the sentence.

"This interpretation of K.S.A. 1992 Supp. 21-4603(4)(a) and (b) gives voice to the fundamental rule of statutory construction that the purpose and intent of the legislature govern. *State v. Cole*, 238 Kan. 370, 371, 710 P.2d 25 (1985). By permitting a defendant to file a second motion to modify within 120 days after receipt of a mandate affirming both a conviction and the denial of the first motion to modify, we give meaning and purpose to subsection (b), as well as the 'except' clause at the beginning of subsection (a). Our interpretation of this statute is also guided by the rule of statutory construction applicable to penal statutes. The Supreme Court in *Reed* viewed the pre-1988 version of 21-4603 as a penal statute and applied the rule of statutory construction applicable to penal statutes when interpreting the statute. Whenever the interpretation of a penal statute is questioned, courts are required to strictly construe the statute in favor of the accused. *Reed*, 253 Kan. at 162 (quoting *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 [1987]. We conclude the district court in the present case had jurisdiction to consider Hervey's second motion to modify." (Emphasis added.) 19 Kan. App. 2d at 504-05.

The defendant points out that *Hervey* is analogous to the present case. As in *Hervey*, Waterbury's first appeal not only challenged the district court's denial of the sentence modification motion, but it also directly challenged the defendant's conviction, contending that the complaint was defective.

The State argues that the defendant's reliance on *Hervey* is misplaced. According to the State, the *Smith* majority implied that if the defendant's first appeal unsuccessfully challenged the district court's denial of a preappeal motion to modify, then the defendant cannot file another motion requesting sentence modification within 120 days of the mandate even if the defendant's appeal also directly challenged the conviction. The State contends that if this is not the rule, then the defendant would be able to appeal the denial of successive sentence modification motions as long as the appeal also contained a direct challenge to the conviction. In making this argument, the State relies on the *Hervey* dissent, 19 Kan. App. 2d at 506-07, which states:

"The majority here finds that jurisdiction existed in the trial court to hear Hervey's second motion to modify his sentence despite the fact a request for the identical relief had been previously requested and denied and that denial affirmed on appeal. The justification for allowing Hervey's motion to modify to be twice considered is that in *Smith* the appeal was only from the denial of Smith's motion to modify (Smith did not directly appeal his conviction), while here Hervey not only first appealed the denial of his motion to modify, he also contemporaneously and unsuccessfully directly appealed his conviction.

"I would hold that the fact Smith did not directly appeal his conviction, while Hervey did, is a distinction that makes no difference. What does make a difference is the fact that both Smith and Hervey filed motions to modify their sentences, both motions were denied by the trial court, and both denials were affirmed on appeal.

"The essence of the *Smith* decision is that the 'jurisdictional window' of K.S.A. 1992 Supp. 21-4603(4)(b) does not open for a 120-day period to allow a second motion to modify to be filed when the earlier appeal is from the denial of a request for the identical relief."

The *Hervey* majority attempts to explain away the *Hervey* dissent:

"The concurring and dissenting opinion filed in the present case concludes the 'essence' of *Smith* is that 21-4603(4)(b) does not provide a 120-day period to allow the filing of a second motion to modify 'when the earlier appeal is from the denial of a request for the identical relief.' While there is some support for this conclusion in the general statements contained in the *Smith* syllabus, the facts presented in *Smith* differ from those present here. Again, in *Smith* only the denial of a motion to modify was appealed in Smith's first appeal. Here, Hervey also appealed his conviction. This factual difference takes this case out of the holding contained in

the *Smith* syllabus and into the provisions contained in 21-4603(4)(b) as interpreted in the body of the majority's opinion in *Smith*." 19 Kan. App. 2d at 505.

The answer to this issue depends on the statutory construction of K.S.A. 1994 Supp. 21-4603(d) and the rationale of *Smith*.

Two principles of statutory construction of a penal statute are compelling in this case. They are:

(1) "The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute." *State v. Hooks*, 251 Kan. 755, 760, 840 P.2d 483 (1992).

(2) The rule of strict construction in favor of the accused is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 (1985).

We hold that the logical interpretation of K.S.A. 1994 Supp. 21-4603 is that a defendant is allowed one appeal from a sentence modification motion and once that appeal is decided, the courts do not have jurisdiction to hear a second motion to modify a sentence.

Our conclusion is consistent with *State v. Smith*, 254 Kan. 16, and *State v. Reed*, 253 Kan. 154. *Reed* allowed the district court to entertain the defendant's post-appeal sentence modification motion because the defendant's first appeal was exclusively based on a direct challenge of his conviction. The first appeal did not challenge the denial of his first sentence modification motion even though the district court denied the motion prior to his appeal and this denial could have been raised in the first appeal.

Also, the syllabus in *State v. Smith*, 254 Kan. 16, clearly states that if a defendant appeals the denial of a motion to modify, then the district court does not have jurisdiction to hear the defendant's post-appeal motion to modify filed within 120 days after receipt of the appellate court's mandate affirming the trial court's denial of a prior motion to modify. Finally, six of the seven members of this court were on the *Smith* decision. The majority intended to interpret 21-4603(d) as allowing only one appeal of a motion to modify.

Once a defendant appeals the district court's denial of a sentence modification motion and that appeal is determined adversely to the defendant, then the courts do not have jurisdiction to hear a subsequent motion to modify the sentence.

Syllabus ¶ 3 of *State v. Hervey*, 19 Kan. App. 2d 498, and the corresponding part of that opinion inconsistent with this opinion is hereby overruled.

Appeal dismissed.

ABBOTT, J., concurring: Having dissented in *State v. Smith*, 254 Kan. 16, I feel obligated to explain authoring the majority opinion in this case. I thought I was correct when I dissented in *Smith* and have not changed my opinion on that subject. However, as one sage put it, when you dissent to the majority's interpretation of the legislature's intent in adopting a statute and the legislature does not change the statute in response to the dissent, then you put salt on the dissent and eat it.

That is another way of saying the legislature has no quarrel with the majority's interpretation of the legislative intent in adopting the statute. I accept that fact and, therefore, find that once the majority opinion in *State v. Smith*, 254 Kan. 16, is accepted as correctly setting forth the legislature's intent in adopting K.S.A. 1994 Supp. 21-4603, no other conclusion may be reached than that expressed in the majority opinion.