No. 77,569

STATE OF KANSAS, *Appellee*, v. RAY A. HARRIS, *Appellant*.
(942 P.2d 31)

Opinion filed July 11, 1997.

*James Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Ray A. Harris, appeals from an order by the trial court that it did not have jurisdiction to hear the defendant's post-appeal sentence modification motion and from the trial court's alternative ruling that if it had jurisdiction to hear the post-appeal sentence modification motion, then the motion was denied.

The defendant was convicted by a jury of three counts of indecent liberties with a child and one count of aggravated criminal sodomy. He was sentenced to 5 to 10 years for each count of indecent liberties with a child, with those sentences to run concurrently. He was also sentenced to 15 years to life for the aggravated criminal sodomy conviction, with that sentence to run consecutive to the sentences imposed for the three indecent liberties convictions.

The defendant filed a motion for sentence modification, which the trial court denied. The defendant then filed a notice of appeal, appealing his convictions, sentences, and the denial of his sentence modification motion. The defendant abandoned the sentence modification issue by not briefing it. The trial court's denial of the defendant's motion to modify sentence was not considered by this court on appeal. This court affirmed the defendant's convictions in an unpublished opinion. *State v. Harris*, No. 73,029, filed April 19, 1996. Within 120 days of the mandate, the defendant filed a post-appeal motion to modify his sentence.

At the hearing on this motion to modify, the defendant requested the preparation of an updated TCF evaluation and report. The court ruled that it did not have jurisdiction to decide the motion and that, even if it did have jurisdiction, it would deny the motion on its merits.

On appeal, the defendant claims that the trial court did have jurisdiction to decide his post-appeal motion to modify sentence. Further, the defendant claims that the trial court abused its discretion by denying the defendant's motion to modify his sentence

on its merits, without ordering or considering an updated TCF evaluation and report.

## I. JURISDICTION

K.S.A. 21-4603(d)(2) allows a defendant to file a motion to modify a sentence within 120 days after the filing of a mandate from the appellate courts. Although the defendant filed his motion within the jurisdictional time limit, the trial court dismissed the motion for lack of jurisdiction. The trial court found that the defendant's motion was a post-appeal motion to modify which had been filed after one motion to modify had already been filed by the defendant, denied by the trial court, and appealed, and the denial of the motion had been affirmed on appeal. The trial court ruled that exercising jurisdiction over this post-appeal motion to modify would be in contravention of *State v. Waterbury*, 258 Kan. 614, 907 P.2d 858 (1995), and *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993).

The issue of the trial court's jurisdiction to hear a post-appeal motion to modify a sentence is a question of law. "This court's review of conclusions of law is unlimited." *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

*Smith* and *Waterbury* place limitations on the right to file a motion to modify if the defendant has previously appealed the denial of a motion to modify. In *Waterbury*, this court stated: "We hold that the logical interpretation of K.S.A. 1994 Supp. 21-4603 is that a defendant is allowed one appeal from a sentence modification motion and once that appeal is decided, the courts do not have jurisdiction to hear a second motion to modify a sentence." 258 Kan. at 620.

The defendant contends that this case is distinguishable from *Smith* and *Waterbury*. The defendant admits that he has previously filed a motion to modify his sentence and that this motion was denied by the trial court. In his first appeal, the defendant merely made a direct attack on his conviction. As such, the defendant claims that he does not fit into the *Smith* and *Waterbury* category where a previous motion to modify a sentence has been filed by the defendant, denied by the trial court, and *appealed*, and the

denial of the motion has been affirmed on appeal. Thus, the defendant asserts that the *Smith* and *Waterbury* cases should not prevent the trial court or this court from exercising jurisdiction over this motion to modify and ruling on the motion's merits.

The State agrees with the defendant that the trial court did in fact have jurisdiction to hear the defendant's post-appeal motion to modify.

The trial court was in error to find that it did not have jurisdiction to rule on the defendant's post-appeal motion to modify. The defendant's first appeal only involved a direct attack on his conviction. (The defendant abandoned his appeal of the denial of his first motion to modify by not briefing the issue after having listed the issue in his first notice of appeal.) Since the defendant's first appeal did not involve the trial court's denial of his first motion to modify, the trial court had jurisdiction to rule on the defendant's post-appeal motion to modify, as long as it was filed within 120 days of the first appellate mandate.

This result is based on *Waterbury*, which states:

"[*State v. Reed*, 253 Kan 154, 853 P.2d 50 (1993),] allowed the district court to entertain the defendant's post-appeal sentence modification motion because the defendant's first appeal was *exclusively* based on a direct challenge of his conviction. The first appeal did not challenge the denial of his first sentence modification motion even though the district court denied the motion prior to his appeal and this denial could have been raised in the first appeal.

" . . . Once a defendant appeals the district court's denial of a sentence modification motion and that appeal is determined adversely to the defendant, then the courts do not have jurisdiction to hear a subsequent motion to modify the sentence." 258 Kan. at 620-21. (Emphasis added.)

The trial court erred in finding that it did not have jurisdiction to rule on the defendant's post-appeal motion to modify sentence. However, the trial court's error does not mean that the trial court must be reversed and the case remanded.

In dismissing the defendant's sentence modification motion, the court stated:

"If this Court were to be in error though [about the jurisdictional issue], the Court at this time having heard arguments from counsel would still find that in regard to this motion for rehearing upon review of the [TCF] report and state-

ments from counsel, the Court would deny the motion for rehearing or for modification of sentence."

The journal entry also reflects a ruling on the motion's merits by the court. The journal entry states: "The court, after hearing arguments of counsel and reviewing evidence presented, hereby DENIES defendant's motion." Thus, because the trial court actually ruled on the merits of the motion in anticipation that it might be wrong on the jurisdictional issue, any error created by the trial court's jurisdictional ruling was in fact cured. See *State v. Wilburn*, 249 Kan. 678, 686, 822 P.2d 609 (1991) ("The judgment of a trial court, if correct, is to be upheld even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision.").

## II. ABUSE OF DISCRETION

After the defendant was found guilty of the charged crimes in 1994, the trial court ordered the defendant to appear for a Topeka Correctional Facility (TCF) evaluation. The 1994 TCF report was not favorable to the defendant. It recommended that he "serve appropriate sentence" due to the "[s]erious nature of offense." The TCF report listed the defendant's summary of needs as follows: Participation in Alcoholics Anonymous, Participation in Narcotics Anonymous, Substance Abuse Treatment, Sex Offender Treatment, Vocational Education Program, Prerelease/Life Skills Program, and Work Release Program.

At the hearing on the motion in this case, the defendant requested the preparation of an updated 1996 TCF report to replace the previously compiled 1994 TCF report. After hearing arguments on the motion, the trial court did not order an updated TCF report, and the court denied the defendant's motion to modify sentence. In so holding, the trial court stated: "[U]pon review of the [1994 TCF] report and statements from counsel, the Court would deny the motion for rehearing or for modification of sentence."

On appeal, the defendant claims that the trial court erred by denying his motion to modify without ordering or considering an updated TCF evaluation. The defendant argues that there is a possibility an updated TCF report might have shown a substantial

change in his circumstances, including the possibility that the Department of Corrections would have recommended a lighter sentence.

The defendant did not submit any evidence at the motion hearing to indicate that his "needs" had been met during his 28 months in prison or that any other circumstances had changed. The defendant did not give the trial court any information to support an order for an updated TCF evaluation and report.

A trial court's ruling on a sentence modification motion is subject to an abuse of discretion standard of review. *State v. Bruce*, 255 Kan. 388, 398-99, 874 P.2d 1165 (1994).

"Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. Judicial discretion must thus be considered as exercisable only within the bounds of reason and justice in the broader sense and be considered abused only when it plainly overpasses those bounds." *State v. Lumbrera*, 257 Kan. 144, 148, 891 P.2d 1096 (1995).

The defendant relies on *State v. Goseland*, 256 Kan. 729, 887 P.2d 1109 (1994). In *Goseland*, the defendant was convicted by a jury for possession of cocaine. The defendant had been convicted twice before for possession of cocaine. For sentencing on each of these prior convictions, a TCF report had been prepared—one on November 24, 1992, and one on June 3, 1993. Based on his criminal history, the defendant was sentenced to life imprisonment for his third conviction of cocaine possession. This sentencing occurred on August 6, 1993. Prior to sentencing the defendant for this third conviction, the sentencing court considered the presentence investigation report which had been prepared. The defendant asked that an updated TCF report also be prepared so that he could file a motion to modify sentence. However, the sentencing court did not request an updated TCF evaluation before it sentenced the defendant. As a result, the defendant did not file a motion to modify his sentence, contending that no motion was filed because there was no TCF report on which to base a request for modification. Instead, the defendant appealed his sentence, alleging that

the court abused its discretion in refusing to request an updated TCF evaluation and in refusing to allow a motion to modify. This court held that the trial court did not abuse its discretion. 256 Kan. at 740-44. In so holding, this court stated:

"Here, the district judge, at the time of sentencing, already had all the information available from the defendant's previous evaluations at TCF. As previously noted, the two reports were identical, and the *second report was dated less than two months prior to sentencing in the present case*. There would be no reason for the judge to expect supplementation of the information available at sentencing. Under the unusual facts of this case, the failure to order a third TCF report was not an abuse of discretion, nor did the district court deny the defendant the opportunity to file a motion to modify his sentence." 256 Kan. at 744.

The defendant herein interprets the *Goseland* case as holding that if a TCF evaluation has not been prepared within 2 months of the trial court's consideration of a defendant's motion to modify sentence, then an updated TCF report must be prepared before the defendant's sentence modification motion can be ruled upon. Here, the defendant's motion to modify sentence was considered on July 17, 1996. The only TCF report was prepared on November 29, 1994, which was over a year and a half prior to the date the trial court ruled on the defendant's motion to modify. Hence, the TCF evaluation was not prepared within 2 months of the trial court's consideration of the defendant's motion to modify. Therefore, the defendant claims that an updated TCF report should have been prepared before the trial court considered the defendant's sentence modification motion.

The defendant concedes that the trial court had the discretion to deny his request for sentence modification. However, the defendant claims that the trial court's denial of the sentence modification motion, without requesting or considering an updated TCF evaluation to determine if circumstances had changed, was an abuse of discretion. Thus, the defendant asks this court to remand the case for a rehearing on the motion to modify sentence, with instructions for the trial court to order the preparation of and consider an updated TCF report.

*Goseland* is distinguishable from the case at hand. The *Goseland* opinion indicates that the preparation of another TCF report was

not necessary because a TCF report had been prepared as recently as 2 months prior to the current sentencing. However, the *Goseland* case does not promulgate a bright line rule that a TCF report must have been prepared within 2 months of the trial court's consideration of a sentence modification motion or that an updated TCF report is required before such motion can be considered. On the contrary, the *Goseland* case holds that if a TCF report has been recently prepared and the trial court has no reason to expect to learn new information from an updated TCF report, then the trial court is not required to order the preparation of an updated TCF report when sentencing the defendant or considering a motion to modify sentence.

In this case, a TCF report had been prepared for this defendant on this very conviction within a year and a half of when the trial court considered the defendant's motion to modify his sentence. The trial court had no reason to expect to learn any new information by ordering an updated TCF report. The defendant did not come forward with any evidence that might have indicated to the trial court or to this court that his circumstances or needs had changed. The defendant did not indicate that he had completed substance abuse treatment, sex offender treatment, or any other programs suggested in his original TCF report. " 'One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion.' " *State v. Davis*, 256 Kan. 1, 26, 883 P.2d 735 (1994). The defendant did not carry this burden.

K.S.A. 21-4603 requires a trial court to order the preparation of a TCF evaluation if an adequate presentence investigation cannot be conducted by resources available within the judicial district. Nothing in the statute suggests or requires that an updated TCF report must be prepared if the defendant files a motion for sentence modification. Here, the trial court considered the 1994 TCF report when it analyzed the defendant's motion to modify sentence. The court had no evidence to indicate that an updated TCF report might provide additional information. Thus, the trial court denied the defendant's motion to modify his sentence, based on the 1994 TCF report and the facts before it, without ordering or considering an updated report. This action was not arbitrary, fanciful, or un-

reasonable, but was within the bounds of reason and justice. The trial court did not abuse its discretion by denying the defendant's motion to modify sentence without ordering or considering an updated TCF evaluation and report.

Affirmed.

LARSON, J., dissenting: I disagree with the holding of the majority that we have jurisdiction to consider this appeal.

It is a well-settled rule that when an issue is neither briefed nor argued on appeal, that issue is deemed to have been abandoned. *State v. Pratt*, 255 Kan. 767, Syl. ¶ 4, 876 P.2d 1390 (1994); *State v. Mims*, 222 Kan. 335, Syl. ¶ 6, 564 P.2d 531 (1977). It has further been our rule that when a defendant in a criminal case asserts a claim of error and withdraws the same from the court's consideration, the claim of error is deemed abandoned and cannot be reasserted as the basis for a second appeal. *State v. Edwards*, 260 Kan. 95, 917 P.2d 1322 (1996).

Harris requested sentence modification. His request was denied. He appealed but abandoned the issue on appeal, which had the effect of having the issue determined adversely to him. I would not allow him to keep his modification request alive as the basis for a later appeal after he allowed, by his own actions, the identical issue to be resolved against him.

My views on this issue are fully set forth in my dissent in *State v. Hervey*, 19 Kan. App. 2d 498, 506, 873 P.2d 188, *rev. denied* 255 Kan. 1005 (1994), which views I thought were originally recognized in *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1992), and became our rule in *State v. Waterbury*, 258 Kan. 614, 907 P.2d 858 (1995).

Under the clear holding of *Smith* and *Waterbury*, the 120-day window of K.S.A. 21-4603(d)(1) and (2) is not opened a second time when the first motion to modify is requested, denied, and appealed from, and that appeal is affirmed. The situation here appears identical to me, for the motion to modify was requested, denied, and appealed from, and that appeal was resolved by the abandonment of the issue. The effect in both cases is the same,

and we should apply the *Smith* and *Waterbury* rules to both situations.

I would find the court is without jurisdiction to entertain this appeal. The appeal should be dismissed.

MCFARLAND, C.J., joins in the foregoing dissent.